PETRIE v. MILLER.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

BILLS AND NOTES—HOLDER IN DUE COURSE—EQUITIES AGAINST MAKER.

Negotiable Instruments Law (Laws 1897, c. 621, § 51) provides that a pre-existing debt is a good consideration for a note. Section 52 declares that, where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time. Section 53 recites that, where the holder has a lien on the instrument, arising either from contract or by implication of law, he is a holder for value to the extent of his lien. Defendant, an attorney, gave a client nonnegotiable notes for money received from her for investment. Plaintiff, a creditor of the client, refused to take such notes in payment of the client's indebtedness to him because of their nonnegotiability, whereupon application was made to the defendant by his client for a negotiable note in place of the one in his possession, and such a note was given, being antedated. It was indorsed, and delivered to the plaintiff shortly after it was made. *Held*, that plaintiff was a holder in due course, for value, without notice of any defect in his debtor's title, and hence evidence of a claim by defendant for professional services against the payee as an offset to the note was properly excluded.

Appeal from trial term, Kings county.

Action by John Petrie against Isaac N. Miller. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

Arthur Furber, for appellant.
Stephen B. Jacobs, for respondent.

GOODRICH, P. J. The action is on a negotiable promissory note of the defendant for $1,500, payable on demand to the order of and indorsed by Mrs. Margaret P. Buchanan. The defendant was the attorney of Mrs. Buchanan, and had been in the habit of investing money for her, with her knowledge, and by her direction, in his name, instead of hers, and had given her nonnegotiable notes, one of which was for $2,000. He had been accustomed to pay her interest on these investments semiannually, irrespective of the question whether or not he had collected the interest on the investments. He also had litigation for her, and in one action had secured a large verdict, in which he had a contingent half interest. In that action associate counsel had been engaged, and Mrs. Buchanan paid him a fee of $1,000, which amount was advanced to her by the plaintiff in March, 1896. In October, 1897, she also borrowed of the plaintiff $500. The plaintiff desiring repayment of his advance, Mrs. Buchanan offered him one of the defendant's notes, but he refused to take it for the reason that it was not negotiable. Thereupon Mrs. Buchanan, on December 15, 1898, applied to the defendant for a negotiable note, and the note in suit was given on that date, although it was antedated. The note was indorsed by Mrs. Buchanan, and delivered to the plaintiff shortly after it was made, and this action was commenced in March, 1899. The defendant pleaded in his answer as an offset against the note a claim against Mrs. Buchanan for professional services exceeding in value the amount of the note. The

court refused to receive evidence of the offset for the reason that the plaintiff was the bona fide holder for value, and before maturity, of a negotiable note, and directed a verdict for the plaintiff. The negotiable instruments law (Laws 1897, c. 612) prescribes the particulars which constitute a negotiable instrument. Subdivisions 3 and 4 of section 20 provide that the instrument must be payable on demand, or at a fixed or determinable future time, and that it must be payable to order or to bearer. The note in suit met these requirements. The payee, Mrs. Buchanan, was a holder for value. Section 51 provides that "value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time." The defendant was indebted to Mrs. Buchanan, and had given her a nonnegotiable note, which she surrendered when he gave her the note in suit. The original obligation of the defendant to Mrs. Buchanan and the surrender of the nonnegotiable note constituted value. The note, being payable to order, was "negotiated by the indorsement of the holder, completed by delivery." Section 60. The plaintiff was a "holder in due course," provided "he took it in good faith, and for value," having "no notice of any infirmity in the instrument or title" of Mrs. Buchanan. There is no evidence on either ground to impeach the plaintiff's good faith, and no offer to prove any facts showing notice of any infirmity in the instrument. Section 52 provides that, "where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time." This language is broad enough to include the holder of a negotiable note where value for it has been given by payee to maker. The former rule was that in a suit between indorsee and maker they are regarded as remote parties to each other, and that between such parties two distinct considerations must be inquired into in order to perfect a defense against the holder, viz. the consideration which the defendant received for his liability, and that which the defendant gave for his title. Daniel, Neg. Inst. (4th Ed.) § 174a. In addition to this, section 53 provides that, where the holder has a lien on the instrument, arising either from contract or by implication of law, he is a holder for value to the extent of his lien. The evidence is sufficient to show that the plaintiff took the note either in discharge of Mrs. Buchanan's obligation pro tanto, or as collateral to her indebtedness. Section 53 provides that, "where the holder has a lien on the instrument arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien." The plaintiff was, therefore, a holder in due course, for value, of a negotiable instrument before it became due, without notice of any defect or infirmity in Mrs. Buchanan's title, and there was no error in the exclusion of evidence of an offset between the defendant and Mrs. Buchanan. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.