(86 App. Div. 377.)

## ROSEMAN v. MAHONY.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. BILLS AND NOTES — ACCOMMODATION INDORSEMENT — CONSIDERATION—PRE-EXISTING DEBT—INSTRUCTIONS—HARMLESS ERROR.

Where plaintiff, in an action on a note against an accommodation indorser, contended that the note was given for money advanced, while defendant claimed that it was taken as security for an antecedent debt, and there was no evidence that plaintiff, if he took the note for such antecedent debt, accepted the same in payment of the debt or parted with any rights relating thereto, an error of the court in refusing an instruction that an antecedent debt was value, and sufficient consideration to bind defendant, was not sufficient to reverse a judgment in favor of defendant, since, though Negotiable Instruments Law, § 51, c. 612, p. 727, Laws 1897, declares that an antecedent or pre-existing debt constitutes value, the holder of an accommodation note given for such debt must surrender the same, either wholly or in part, in order to constitute consideration.

Appeal from City Court of Yonkers.

Action by Abram Roseman against Daniel J. Mahony. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial on the minutes, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Cyrus A. Peake, for appellant.
Ralph Earl Prime, Jr., for respondent.

HIRSCHBERG, J. The defendant is sued as the indorser of a promissory note made by Edmund J. Earl on April 3, 1902, for $300 at three months. The note is a renewal of one made on January 3, 1902, and the defendant asserts, among other defenses, that he indorsed the original note solely for Earl's accommodation, and that it was delivered to the plaintiff without consideration.

The evidence tends to show the existence of a debt in favor of the plaintiff and against Earl on January 3, 1902, and that the note was given to secure it; and the main question upon the appeal is whether there must be a new trial because of the undoubted error of the learned court in refusing to charge "that value is any consideration sufficient to support a simple contract, and an antecedent or pre-

existing debt is such value," and in charging that, "if this note was-
given to pay a pre-existing and past-due debt, I charge that it is not
a live and valid consideration between the parties." There was, how--
ever, no evidence tending to prove that the note was given to pay the
debt, that the debt was canceled or relinquished in any way, or that
time for its payment was extended; and the propositions of law re--
ferred to may be regarded, for the purposes of this case, as mere
abstractions. The plaintiff testified positively that the note of Janu--
ary 3, 1902, "was not given to me by Mr. Earl for money he had pre--
viously borrowed, and for goods he had purchased from me and owed
me for. I gave Mr. Earl money for that note." Mr. Earl testified
that he received a check from the plaintiff for the amount of the note-
preceding the note in suit, less discount, adding:

"I swear on oath before this jury that I received from Mr. Roseman-
$295.50 for that note dated January 3, 1902. I think I received that amount.
I can't say whether any of it went for goods or not. I may not have received
$295.50 from Mr. Roseman. I will not swear I did."

There was other evidence, given by both the plaintiff and Earl,
so contradictory and confused that the jury may very well have be-
lieved, especially in view of the fact that no check was produced, that
the note was taken as security for a pre-existing debt; but, as I have-
said, no one testified or suggested that the debt was given up, or that
the plaintiff relinquished his right to sue upon it for a moment.

By section 51 of the negotiable instruments law (chapter 612, p.
727, Laws 1897) it is provided that "an antecedent or pre-existing-
debt constitutes value." But the holder of the note must give up the
debt, either wholly or qualifiedly, in order to constitute consideration.
He must part with something; if not with the debt, at least with the
right to sue upon it for some determinate period. The taking of the
debtor's note raises no presumption that it is in payment of the debt,
and there was here no circumstance or suggestion that the plaintiff
extended the time for payment, or did any other act which would have
prevented him from surrendering the note and resorting to the origi-
nal indebtedness. He tried the case on the issue solely of a money
consideration given at the time of the taking of the note, without a
pretense on the part of any one that it was taken in payment of a
debt, and he cannot be permitted to disturb a just result by predi-
cating error upon a refusal to charge upon an issue not embraced
within the evidence. Kane v. N. Y., N. H. & H. R. Co., 132 N. Y.
160, 166, 30 N. E. 256.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.