COMMERCIAL NATIONAL BANK OF COUNCIL BLUFFS, IOWA, v. CITIZEN'S STATE BANK OF ARMOUR, S. D., ad FRANK DWYER, Appellants.

**Negotiable instruments:** BONA FIDE PURCHASER. One accepting a negotiable instrument in payment of a pre-existing debt on condition that the credit shall not become absolute until the certificate is paid, is not a *bona fide* purchaser in the due course

of business, either under the general law or the negotiable instrument act.

*Appeal from Woodbury District Court.*— Hon. John F. Oliver, Judge.

Monday, October 22, 1906.

Rehearing Denied, Friday, January 18, 1907.

Suit on a certificate of deposit. There was a directed verdict for the plaintiff, and a judgment thereon. The defendants appeal.— *Reversed and remanded.*

*F. E. Gill,* for appellants.

*J. J. Stewart* and *H. C. Sanders,* for appellee.

Sherwin, J.   The defendant bank issued to its codefendant Dwyer a certificate of deposit for $850, on which it afterward paid, and there was indorsed, $50. On the 5th day of April, 1904, Dwyer indorsed the certificate in blank, and delivered it to the Buck Grove Bank of Buck Grove, Iowa, for collection. The Buck Grove Bank was a private banking institution, owned and operated by the owner and operator of the Exchange Bank of Dow City, Iowa. The former bank sent the certificate to the latter on the day that it received it, and from there it was sent to the plaintiff bank, where it was received on the 6th of April. The Exchange Bank was at the time indebted to the plaintiff, and, upon receipt of the certificate, the amount thereof was credited on the books to the Exchange Bank, and the certificate was forwarded for payment by the defendant bank. On the same day that Dwyer left the certificate with the Buck Grove Bank, a receiver was appointed for that bank and for the Exchange Bank; both of them having been insolvent for some time prior thereto. At the close of the evidence the jury was instructed to find for the plaintiff, and thereafter

the defendants moved for judgment notwithstanding the verdict.

The controlling question in this case is whether the plaintiff was a *bona fide* purchaser in the due course of business, and our conclusion thereon makes it unnecessary to consider the other questions argued by the appellants. The certificate was payable on demand and the return thereof, and was a negotiable instrument. But the undisputed evidence shows that the plaintiff did not give the Exchange Bank absolute credit therefor. The credit given was provisional; that is, if the certificate was paid by the issuing bank the credit became absolute thereafter, but if it was not so paid the same was to be charged back to the Exchange Bank. This was nothing more than a conditional credit, and the plaintiff did not thereby become a *bona fide* purchaser, either under the general law or by virtue of the statute relating to negotiable instruments. *City Deposit Bank of Columbus, Ohio, v. Green,* 130 Iowa, 384; *Hazlett v. Commercial Nat. Bank,* 132 Pa. 118 (19 Atl. 55) ; *Rapp v. Nat. Sec. Bank,* 136 Pa. 426 (20 Atl. 508). In City Deposit Bank v. Green, *supra,* the bank discounted paper, giving its depositor credit for the proceeds upon its books. We held that the bank was not a *bona fide* holder of the paper unless some other and valuable consideration passed. In this case not even an unconditional credit was given, and it is manifest that the plaintiff bank parted with nothing of value in the transaction. The receipt of the certificate of deposit did not make the plaintiff a debtor for its amount, and by the custom of the banks it would not become such debtor until after collection of the proceeds thereof, and after it obtained possession of the money. *Old Nat. Bank v. German Am. Nat. Bank,* 155 U. S. 556 (15 Sup. Ct. 221, 39 L. Ed. 259) ; *Sweeney v. Easter,* 68 U. S. 166 (17 L. Ed. 681) ; *White v. Miners' Nat. Bank,* 102 U. S. 658 (26 L. Ed. 250). Code Supp. 3060 — a25, defines what constitutes consideration under the negotiable instruments act, and says:

" Value is any consideration sufficient to support a simple contract. An antecedent of pre-existing debt constitutes value," etc. It makes no provision for a conditional credit, a credit that may or may not become absolute, and hence its aid cannot be invoked in behalf of the plaintiff's contention. We are clearly of the opinion that the defendants were entitled to a judgment on the record, and that the court erred in denying their motion therefor.

The case is reversed, and remanded for judgment in harmony herewith.— *Reversed and remanded.*