(54 Misc. Rep. 126)

NATIONAL BANK OF BARRE v. FOLEY.

(Supreme Court, Trial Term, Cattaraugus County. March 4, 1907.)

1. BILLS AND NOTES—RIGHTS AND LIABILITIES ON INDORSEMENT—ACTIONS—
   BURDEN OF PROOF.
   Under Neg. Inst. Act, § 98 (Laws 1897, p. 733, c. 612), where the payee
   of a note sued on, negotiated the same in breach of faith, the burden is
   on plaintiff to show that it, or the one under whom it claims, acquired
   title as a holder in due course.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes,
   § 1684.]

2. SAME—TRANSFER OF NOTE—GOOD FAITH AND PAYMENT OF VALUE.
   Proof that one claiming to be a bona fide purchaser of a note parted
   with value therefor before maturity is not enough to show good faith.

3. SAME—CONSIDERATION OF TRANSFER—CREDITING PROCEEDS.
   A credit on an old account which did not discharge the debt or any part
   of it or extend the time of payment was not a valuable consideration for
   the transfer of a note.

4. SAME—GOOD FAITH—PLEADING.
   In an action on a note by a party claiming to be a holder in good faith,
   where it was not shown that it knew the party from whom it purchased
   was responsible, or that the maker of the note was known to it, a mere
   denial of knowledge or notice of breach of faith by the payee was insuf-
   ficient to show good faith.

5. SAME—HOLDER FOR VALUE.
   Where a bank discounts a note by simply placing the proceeds thereof
   to the indorser's credit, whose account remained sufficient to pay the note
   in case of dishonor, the bank was not a holder of the note in due course
   of business, so as to exclude defenses the maker might have against the
   payee.

Action by the National Bank of Barre against Peter C. Foley. Judg-
ment for defendant.

F. L. Eaton, for plaintiff.
Henry Donnelly, for defendant.

POUND, J. Thomas E. Eagan, the payee, negotiated the note in
suit made by the defendant, under the name and style of Foley Bros.,
in breach of faith. The burden is therefore on plaintiff to show that
it, or the Barre Supply Company, under which it claims title, acquired
title as a holder in due course. Neg. Inst. Act, § 98 (Laws 1897,
p. 733, c. 612).

First. Do the proofs establish that the Barre Supply Company
acquired title as a holder in due course? Did it acquire title to the
note in good faith? Proof that it parted with value for the note be-
fore maturity is not enough. C. N. Bank v. Diefendorf, 123 N. Y. 191,
25 N. E. 402, 10 L. R. A. 276. The company gave Eagan $300 in
cash and a credit of $100 on an old account for the note. To the ex-
tent of the credit of $100 it is not a holder for value, for it does not
appear that the credit discharged the debt or any part thereof, or ex-
tended the time of payment. The company parted with nothing so
far as the $100 is concerned. Roseman v. Mahony, 86 App. Div. 377,
83 N. Y. Supp. 749. It therefore stands in the position of a holder of
the note at a discount of 25 per cent. from the face value.

The evidence of the circumstances under which it acquired the paper does not indicate that Cave, the treasurer of the company, who transacted the business with Eagan, made any inquiries to ascertain how Eagan acquired possession of the note. Plaintiff's offer was merely to prove that Eagan made no disclosure about it, and that the company took the note without knowledge, supposing Eagan owned it. Mere denial of knowledge or notice of the breach of faith is insufficient under the circumstances of this case. It does not appear that Eagan was a responsible party, or that Foley, or the name of Foley Bros., was known to Cave, the treasurer of the Barre Supply Company. From the negligence of Cave to make the natural and usual inquiries as to the maker of the note and the circumstances under which Eagan acquired it, good faith cannot be established. Vosburgh v. Diefendorf, 119 N. Y. 357, 23 N. E. 801, 16 Am. St. Rep. 836.

Second. It does not appear that the plaintiff bank parted with value for the note without notice of Eagan's breach of faith. It gave the Barre Supply Company credit on the latter's business account for $394, the proceeds of the note, less the discount. That alone is not enough to constitute the bank a holder in due course. Citizens' State Bank v. Cowles, 180 N. Y. 346, 73 N. E. 33, 105 Am. St. Rep. 765. The Barre Supply Company drew $300 at the time the note was discounted at the bank, and paid the same to Eagan. But, it appears that the company had a general business account at the bank, and it does not appear what the condition of that account was at the time the note was discounted or at any time thereafter. It does not follow that $300 was paid upon the note in suit then or at any other time. For all that appears, the Barre Supply Company may still have had to its credit at the bank the entire proceeds of the note when the bank first had notice of the fraud perpetrated by Eagan. Albany Co. Bk. v. People's Co-op. Ice Co., 92 App. Div. 47, 86 N. Y. Supp. 773.

Judgment for the defendant dismissing the complaint, with costs.