HARRIS v. FOWLER.

(Supreme Court, Appellate Term. June 5, 1908.)

1. BILLS AND NOTES—CHECKS—ACCOMMODATION MAKER—CONSIDERATION—ANTECEDENT DEBT.

Under Negotiable Instruments Law, Laws 1897, p. 727, c. 612, § 51, providing that an antecedent debt constitutes value, to constitute value which will support an action against an accommodation maker of a check which has been fraudulently diverted, the antecedent debt must have been canceled and discharged on the acceptance of the check, or at the time of payment extended.

2. SAME—"VALUE."

In an action by the holder against the maker of an accommodation check, fraudulently diverted by the payee from the purpose for which it was given, it appeared that the payee delivered the check to plaintiff on account of a pre-existing debt, and that plaintiff who also owed the payee a less sum, and gave him a check therefor on his representation that the other check would not otherwise be good. It did not appear that

plaintiff took the accommodation check in extinguishment of the debt due from the payee or that an extension of time of payment thereof for any determinate period was given. *Held*, that such pre-existing debt, not extinguished or extended, was not value, within Negotiable Instruments Law, Laws 1897, p. 727, c. 612, § 51, providing that a pre-existing debt constitutes value.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, pp. 7275–7280, 7826.]

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Jacob Harris against Arthur T. Fowler. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Charles Fischer, for appellant.

Edward M. Grout and Paul Grout, for respondent.

GILDERSLEEVE, P. J. Defendant made his accommodation check in favor of one Clarke for $135, to be applied to a particular purpose. Said Clarke indorsed the check and diverted it from the purpose for which it was given, by paying the same to plaintiff on account of a pre-existing debt of $411. Plaintiff had no reason for suspecting that it was an accommodation check, or that it had been diverted from its purpose by Clarke. As an offset to plaintiff's claim against Clarke for $411, the former owed the latter $70 for services. At the time of paying the check to plaintiff Clarke told him that, in order to make the check good, it was necessary for plaintiff to give Clarke plaintiff's own check for $70, which plaintiff did, in payment, also, of Clarke's said claim against him for services. This $70 check was evidently given by Clarke to defendant, as the check came back, when paid, with defendant's indorsement on it. Plaintiff presented the $135 check for payment, but payment of the same was stopped by defendant. This action is brought to recover on said check. The court gave judgment for defendant. Plaintiff appeals.

The defense is based on the claim that, as the check was an accommodation one, which had been diverted from the purpose for which it was given and had been taken by plaintiff on account of a pre-existing debt, plaintiff was not a bona fide holder for value, and not entitled to recover, even though he did not know of the accommodation or the diversion. Negotiable Instruments Law, Laws 1897, p. 727, c. 612, § 51, provides that:

"An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."

This statute, however, must be construed to mean that in order to constitute value, which will support an action against an accommodation maker of a check which has been fraudulently diverted, the antecedent debt must have been canceled and discharged on the acceptance of the check, or the time of payment extended. The creditor must have parted with something, either the debt itself or the right to sue upon it for some determinate period by the extension of the time of payment.

Roseman v. Mahony, 86 App. Div. 377, 83 N. Y. Supp. 749; Sutherland v. Mead, 80 App. Div. 103, 80 N. Y. Supp. 504.

Some doubt is expressed by the appellant as to the check being an accommodation one, because it appears that at some subsequent date Clarke repaid to the defendant part of this sum of $135. But we must take the situation as it was at the time of the diversion of the check, when it was uncontradictedly an accommodation check, and the subsequent dealings between Clarke and defendant cannot alter this fact. Upon the question of the acceptance of the check in payment and discharge of the debt, the only evidence tending to show such an acceptance is that of plaintiff, as follows:

"Q. This check was given to apply on account of that debt [of $411], was it not?  A. Yes, sir."

It is also urged that the fact of bringing this suit on the check against defendant is evidence of the discharge of the claim against Clarke. It seems to us that plaintiff simply says that he credited Clarke on the antecedent debt with the $135 check of defendant. His own check of $70, given to Clarke on the latter's representation that the $135 check would not otherwise be good, as above stated, was no new consideration, as it was given in payment of a debt of plaintiff to Clarke. There is no evidence that plaintiff took the check itself in extinguishment of $135 of Clarke's debt to him, or that he, in other words, waived all right to sue Clarke for that amount, whether the $135 check was good or not. The understanding evidently was that in case only the check was paid was the amount to be credited on Clarke's debt. While a recovery in this action on the check would operate to extinguish the claim against Clarke, still there is nothing to show that in case of failure plaintiff has relinquished such claim. There is no pretense that an extension of time of payment for any determinate period was given as a consideration for the check. Roseman v. Mahony, 86 App. Div. 377, 83 N. Y. Supp. 749. The check was given to pay Clarke's pay roll at the end of the week. Defendant had an interest in the application of the check to that purpose, inasmuch as he was anxious to keep Clarke's business going, in order that Clarke might repay defendant the sums borrowed, and defendant had on other occasions helped Clarke pay his workmen.

It seems that the court below arrived at a proper determination of the issues presented, and that the judgment should be affirmed, with costs.

GERARD, J., concurs.

DAYTON, J. (dissenting). The only defense interposed by the answer is that defendant loaned the check to Clarke for his pay roll, but he (Clarke) diverted it towards the payment of an antecedent debt due to plaintiff, who parted with no value therefor. There is no allegation or proof that plaintiff had knowledge that the check was given for Clarke's accommodation. Plaintiff testified that when he received the check Clarke owed him $411, leaving the indebtedness $275. Notwithstanding this balance, plaintiff at the same time gave Clarke his check for $70 for services; Clarke stating that the $70 check would make the

$135 check good. Defendant testified that, notwithstanding Clarke's indebtedness to him, he (defendant) frequently loaned him checks for pay rolls, which Clarke always repaid; and so in this instance for that purpose he loaned Clarke the $135 check, which Clarke promised to make good the next bank day; that Clarke had repaid him $91 on account of this check.

The so-called diversion could not affect defendant's rights, who had no interest in the use which Clarke made of his accommodation check. Daniel on Negotiable Instruments, § 792. Plaintiff's position now is that he took the check on account of Clarke's indebtedness—a good defense to Clarke, should plaintiff attempt to return the check and sue on the debt. The $135 check was given September 28, 1907. This action was not brought until November 8, 1907. During that period of 41 days defendant made no objection to plaintiff's possession of the check, and actually received from Clarke plaintiff's check for $70 and $21 in addition towards repayment of the $135.

The defense is without merit in law or fact, and the judgment should be reversed.