MACAULAY v. HOLSTEN.

(Supreme Court, Trial Term, Kings County.   January, 1909.)

1. BILLS AND NOTES (§ 49*)—ACCOMMODATION PAPER—LEGAL INCEPTION.
    Accommodation paper has no legal inception until negotiated for value.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 66; Dec. Dig. § 49.*]

2. BILLS AND NOTES (§ 91*)—ACCOMMODATION PAPER.
    The taking of accommodation notes, either as conditional payment on an account or as collateral security for an antecedent indebtedness, is for value, where there is no fraudulent diversion of the notes from a restricted use imposed by the maker.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 165; Dec. Dig. § 91.*]

Action by Charles R. Macaulay against George Holsten. Motion to set aside directed verdict for plaintiff denied.

Albert A. Hovell, for plaintiff.
Edward D. Brown, for defendant.

CARR, J.   The whole question involved in this action is whether the plaintiff holds these two notes for value. The notes appear to have been made by the defendant, in favor of the payee, for the payee's accommodation. Accommodation paper never has legal inception until it is negotiated for value. The payee on the notes was indebted to the plaintiff on a running account, the last item of which antedated the notes several months. He took the notes from the payee, and credited him with the amount thereof, and deposited the notes in his own bank for collection. They came back unpaid, and he thereupon recharged the payee of the notes with the amounts thereof. Subsequently he took a confession of judgment from the payee of the notes for the whole amount of the running account, making no deduction for the amount of the notes.

The defense pleaded is simply that the paper was accommodation paper, to the knowledge or information of the plaintiff, and that he gave no value for the notes. The taking of these notes, either as conditional payment of or as collateral security for an antecedent indebtedness, would have been for value, unless there was a fraudulent diversion of the notes from a restricted use imposed by the maker. Grocers' Bank v. Penfield, 69 N. Y. 502, 25 Am. Rep. 231; Continental Bank v.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Townsend, 87 N. Y. 8. Of course, if there had been a fraudulent diversion of the notes, and they were negotiated either as collateral security for or conditional payment of an antecedent indebtedness, the holder would not be deemed to have taken for value. Phœnix Ins. Co. v. Church, 81 N. Y. 218, 37 Am. Rep. 494; Sutherland v. Mead, 80 App. Div. 103, 80 N. Y. Supp. 504. In the case at bar there is no pleaded defense of diversion of the notes, and that question is not in this case. In Roseman v. Mahony, 86 App. Div. 377, 83 N. Y. Supp. 749, the Appellate Division in this department seems to have declared a rule not in harmony with the earlier cases of Grocers' Bank v. Penfield and Continental Bank v. Townsend. At least such might be inferred from a reading of its opinion, as in that case there was no diversion of the notes. An examination of the record before that court on appeal discloses that these earlier authorities were not cited in the briefs of counsel; and it cannot be supposed, under such circumstances, that court meant to question the long-established rule.

The motion to set aside the verdict as directed for the plaintiff is therefore denied.