REUSENS v. MORTON et al.

(Supreme Court, Appellate Division, Second Department. April 29, 1910.)

CORPORATIONS (§ 360*)—LIABILITIES—ACTION—PLEADING.

A complaint alleging that plaintiff was induced by the fraudulent representations of the president and vice president of the defendant corporation to purchase shares of its stock, and was damaged thereby to the amount paid for the stock, and that he tendered the certificate of stock and demanded a return of money, which was refused, states a cause of action against the corporation, as well as against the officers.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 360.*]

Burr and Thomas, JJ., dissenting.

Appeal from Special Term, Westchester County.

Action by Guillaume Reusens against William J. Morton and others. From an interlocutory judgment overruling the demurrer of the defendant North American A. B. C. to the complaint, it appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

George Edwin Joseph, for appellant.

Henry E. Frankenberg (J. Addison Young, on the brief), for respondent.

WOODWARD, J. The plaintiff brings this action, alleging that he was induced by the fraudulent representations of the president and vice president of the North American A. B. C., a domestic corporation, to purchase certain shares of the capital stock of such corporation, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that by reason of such fraudulent representations he was damaged to the amount of the money paid for such stock. The complaint alleges a tender of the certificate of stock and a demand for the return of the money, and a refusal of such demand, with various matters of detail relating to the fraudulent representations. The defendant corporation demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action as against the corporation.

We are of the opinion that the demurrer was properly overruled. The complaint states facts which lead to the fair inference that the corporation is merely the instrumentality of the fraud perpetrated against the plaintiff; that it has received the benefits of the fraud, and retains them; and under such circumstances it would be strange if the plaintiff had no cause of action against the corporation. Under our liberal rules of pleading, the facts set forth in the complaint do constitute a cause of action against all of the defendants.

The interlocutory judgment appealed from should be affirmed, with costs.

HIRSCHBERG, P. J., and JENKS, J., concur. BURR and THOMAS, JJ., dissent.