### ROGOWSKI v. BRILL.

(Supreme Court, Appellate Term. November 10, 1911.)

BILLS AND NOTES (§ 186*)—INDORSEMENT—CONSIDERATION—PRE-EXISTING INDEBTEDNESS.

In order for a pre-existing debt to constitute consideration for an indorsement of a note, the holder must show that he has parted with something, that he has given up the original debt, or the right to sue on it.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 186.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Henri Rogowski against Max Brill. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

S. C. Sugarman, for appellant.

Swan, Beardsley & Moore (Joseph R. Swan, of counsel), for respondent.

GUY, J. The plaintiff brought this action upon a promissory note made by one Adams, payable to the plaintiff, and indorsed by the defendant. The note was payable at the Nassau Bank, of this city, was discounted by the plaintiff, and at maturity, not having been paid by the maker, was taken up by the plaintiff.

It is conclusively established by the evidence that the note was indorsed by defendant at the request of plaintiff, without consideration, and solely for the accommodation of the plaintiff. It further appears that the original note, of which the note in suit was a renewal, was given for a pre-existing debt. In order to constitute consideration for such a note, the holder must show that he has parted with something; that he has given up the original debt, or the right to sue upon it. "The taking of the debtor's note raises no presumption that it is in payment of the debt, and there was here no circumstance or suggestion that the plaintiff extended the time of payment, or did any other act which would have precluded him from surrendering the note and resorting to the original indebtedness." Roseman v. Mahony, 86 App. Div. 377, 83 N. Y. Supp. 749.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.