In re QUITMAN. (Supreme Court, Appellate Division, First Department. December 8, 1911.) In the matter of Max D. Quitman. No opinion. Reference ordered to Hon. J. J. Freedman, official referee. Settle order on notice. See, also, 131 N. Y. Supp. 1140.

RAVITCH, Respondent, v. NATIONAL SURETY CO., Appellant. (Supreme Court, Appellate Division, First Department. January 19, 1912.) Action by David Ravitch against the National Surety Company. E. J. Martin, for appellant. N. Aleinikoff, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

REICH v. FELDMAN CONST. CO. (Supreme Court, Appellate Division, First Department. January 12, 1912.) Action by Sophie Reich against the Feldman Construction Company. With this case have been consolidated in this court cases bearing titles as follows: Arthur S. Hamlin v. Nicola Arbolina et al.; Emilie L. D'Herblay v. Joseph F. Lippe; Same v. Otto H. Droege; Same v. William Elfers et al.; L. M. Berkeley v. Frank M. Dusenberry. No opinions. Motions granted, unless appellants comply with terms stated in order. Orders filed.

REIKES et al. v. BERKOWITZ. (Supreme Court, Appellate Term. December 11, 1911.) Appeal from City Court of New York, Special Term. Action by Meyer Reikes and another against Joseph Berkowitz. From an order in favor of plaintiffs, defendant appeals. Affirmed. Jacob I. Berman, for appellant. Isaac Steinhaus, for respondents.

PER CURIAM. We think that the papers upon which the attachment was originally granted were sufficient to sustain the attachment. Under these circumstances we feel justified in disregarding the irregularities in practice which occurred on the motion for a reargument. Order affirmed, with $10 costs and disbursements.

REUSENS, Respondent, v. MORTON, Appellant, et al. (Supreme Court, Appellate Division, Second Department. November 24, 1911.) Action by Guillaume Reusens against William J. Morton, impleaded with others. No opinion. Order modified, by excluding from the examination inquiry as to whether representations were made and the reliance of plaintiff thereon, and, as so modified, affirmed, without costs. See, also, 138 App. Div. 886, 122 N. Y. Supp. 821.

ROACH, Respondent, v. CITY OF BUFFALO, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 6, 1911.) Action by Benson W. Roach against the City of Buffalo.

PER CURIAM. Judgment and order affirmed, with costs.

McLENNAN, P. J., not sitting.

ROCHE, Respondent, v. GERKEN, Appellant. (Supreme Court, Appellate Division, First Department. December 8, 1911.) Action by Margaret Roche against John Gerken. H. H. Gibbs, for appellant. A. W. Bailey, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 131 N. Y. Supp. 1141.

ROGOWSKI v. BRILL. (Supreme Court, Appellate Term. January 5, 1912.) Appeal from Municipal Court, Borough of Manhattan, Sixth District. Action by Henry Rogowski against Max Brill. From a judgment of the Municipal Court of the City of New York, entered in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered. See, also, 132 N. Y. Supp. 370. S. C. Sugarman, for appellant. Swan, Beardsley & Moore, for respondent.

PER CURIAM. The evidence adduced by the plaintiff is insufficient to overcome the objections sustained by this court in the case of Rogowski v. Brill, 131 N. Y. Supp. 589 (October Appellate Term, 1911). Upon a new trial, the parties may present the issue involved in a manner that will enable the court to determine the circumstances under which the notes were indorsed by the defendant. Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

ROMEO, Respondent, v. ROMEO, Appellant. (Supreme Court, Appellate Division, Second Department. November 28, 1911.) Action by Marguerite Romeo against Vincenzo Romeo.

PER CURIAM. Order resettled, so that it shall read that the order appealed from is modified, by striking out the provision for alimony, upon condition that defendant stipulate to pay, in accordance with the agreement entered into between plaintiff and defendant, the sum of $12 per week to the plaintiff for the support of herself and the children of plaintiff and defendant; and unless defendant so stipulates, a reargument is ordered, and cause set down for Tuesday, December 5, 1911. See, also, 131 N. Y. Supp. 1141; infra.

ROMEO, Respondent, v. ROMEO, Appellant. (Supreme Court, Appellate Division, Second Department. December 8, 1911.) Action by Marguerite Romeo against Vincenzo Romeo. No opinion. Order (131 N. Y. Supp. 1141) modified, on reargument, by fixing the alimony at $12 per week, without restitution of any sum paid under the order appealed from, and, as so modified, affirmed, without costs. See, also, supra.

ROSENBLATT et al. v. PHILLIPS et al. (Supreme Court, Appellate Division, Second Department. November 24, 1911.) Action by Sigmond H. Rosenblatt and others against James Phillips, Jr., and Walter G. Newman.

PER CURIAM. Motion to dismiss appeal granted, with $10 costs.

JENKS, P. J., not voting.