## HELPER STATE BANK v. JACKSON et al.

No. 2825.    Decided September 27, 1916.    (160 Pac. 287.)

1. BILLS AND NOTES—HOLDER FOR VALUE—ASSIGNEE.  An assignee before maturity of a note signed by one as maker, and by another to enable the first maker to borrow money to apply on his indebtedness to the assignee, and who was given credit by the assignee for the full amount of the note immediately upon its delivery, was a holder for value.[1]  (Page 432.)

2. BILLS AND NOTES—ACTION—EVIDENCE—AGREEMENT OF MAKER.  In a bank's action on a note signed by its cashier and another, evidence *held* to sustain a finding when the bank received the note and credited the cashier with the amount thereof upon his indebtedness, it had no notice of the alleged fact that it was signed by the comaker and by him delivered to the cashier on condition that it should not be delivered or become effective unless two other persons signed it.  (Page 432.)

3. BANKS AND BANKING—ACTS OF OFFICERS—AGREEMENT—NOTICE.  A bank, taking a note for value before maturity, signed by its cashier and another as joint makers, was not chargeable with knowledge of an agreement between the cashier, representing himself, and not the bank, and his comaker that the note was not to be delivered until signed by the president of the bank, since by reason of his individual interest adverse to that of the bank, the cashier was not its agent.[2]  (Page 433.)

Appeal from District Court, Seventh District; *Hon. A. H. Christensen,* Judge.

Action by the Helper State Bank against Clyde Jackson and Shekrey Sheya.

Judgment for plaintiff.  Defendant Sheya appeals.

AFFIRMED.

*M. P. Braffet, Ferdinand Ericksen,* and *Saml. A. King,* for appellant.

---

[1] *Felt* v. *Bush,* 41 Utah 462, 126 Pac. 688.

[2] *First Nat. Bank* v. *Foote,* 12 Utah 157, 42 Pac. 205.

*L. O. Hoffman* and *Thurman, Wedgwood & Irvine,* for respondent.

FRICK, J.

The plaintiff bank brought this action to recover upon a promissory note for $1,050, which was signed by both defendants, Jackson and Sheya, as makers. The complaint is in the usual form in such actions. The defendant Sheya filed a separate answer in which, after making certain admissions and denials, he, in substance, averred the following facts, namely: That on the date the note in question bears, to wit, May 11, 1912, the defendant Jackson was the cashier of the plaintiff bank; that on said date said Jackson was indebted to said bank in the sum of $1,000; that at said time said Jackson as such cashier—

"requested this defendant to sign a note with him for $1,050 in favor of said bank, the plaintiff herein, payable six months after date, in order to aid him, the said Jackson, to borrow from said bank the amount of said note to apply on his indebtedness to said bank."

The defendant Sheya further averred that said note was signed by him upon the express condition that two other persons, naming them, should also sign the same before it should be delivered to said bank, and that, unless and until so signed, it should not be delivered to said bank; that defendant signed said note without receiving any consideration, and for the purpose and upon the understanding aforesaid; that, notwithstanding said agreement, said Jackson, without the knowledge or consent of the defendant Sheya, delivered said note to said bank without first obtaining said signatures, but that said bank received the same with full knowledge of the agreement between Sheya and said Jackson; that upon being informed that said Jackson had delivered said note as aforesaid, the defendant Sheya notified the plaintiff that the acts of said Jackson were unauthorized, and that the defendant repudiated the same. The defendant Jackson also filed an answer, but he did not appear at the trial and his answer, therefore, is immaterial here. The case proceeded to trial, upon substantially the foregoing issues, to the court without a jury. The court

found all the issues in favor of the plaintiff and against the defendant Sheya, and entered judgment in favor of the plaintiff and against both Jackson and Sheya for the full omount of the note, with interest, including an attorney's fee, and Sheya alone appeals.

Counsel for the defendant Sheya complain of the court's findings, and insist that they are contrary to the evidence. Counsel further insist that no consideration for the note has been shown. In view of the averments of Sheya's answer, which we have set forth, that he signed the note for the purpose of aiding Jackson in borrowing said $1,050 "to apply on his (Jackson's) indebtedness to said bank," and in view that the evidence is without conflict that Jackson was given credit by the bank upon his indebtedness for the full amount of the note immediately upon its delivery to it, the contention that the note was without consideration is without basis, either in law or in fact. We shall therefore not devote further attention to that phase of the case.

The further contention in that connection is that the plaintiff is not a holder for value. In view of what has just been stated that contention must likewise fail. We held in *Felt* v. *Bush,* 41 Utah 462, 126 Pac. 688, that an indorsee who takes a note before maturity as collateral security for a pre-existing debt, under our negotiable instruments act, is a holder for value. It has frequently been held by the courts that where a note is given in payment or discharge of a pre-existing debt, the payee is a holder for value. Brannan's Negotiable Instruments Law, Section 25, and cases cited in the notes to that section. No further comment seems necessary.

The only remaining question, and the only one of merit in this case is whether the note in question was in fact signed by the defendant Sheya and was by him delivered to Jackson upon the condition that it should not be delivered to the bank or become effective until, and unless, the two others referred to had also signed the note, and whether the bank was informed, or had notice or knowledge, of that arrangement at the time, or before, it received the note and had credited Jackson with the amount thereof upon his in-

debtedness. Upon that question there is a conflict in the evidence. While the defendant and his brother in effect testified that the president of the bank was informed of the conditional signing and delivery of the note to Jackson before it was received by the bank, and Jackson had been given credit therefor, yet, the president denied those statements, and in substance testified that the statements testified to by both witnesses did not come to his knowledge until after the note had been received and Jackson had been credited with the amount thereof. The circumstances disclosed by the evidence are such that the court could well have found the president's statements in that regard to be true, and in view that this is a law case, we are therefore, concluded by the court's finding.

The contention, that inasmuch as Jackson was the cashier of the plaintiff bank at the time of the transaction and for that reason the bank was charged with notice of the **3** agreement entered into between him and the defendant Sheya, is answered by this court against the contention in the case of *First National Bank* v. *Foote*, 12 Utah 157, 42 Pac. 205, where the law upon this question is stated in the third headnote thus:

"A bank that takes a note for value before maturity, signed by its cashier and others as joint makers, is not chargeable with knowledge of an agreement between the cashier and his comakers that the note was not to be delivered until it was signed by the president of the bank, since, in this particular transaction, on account of his individual interest adverse to that of the bank, the cashier is not the agent of the bank, but stands on the opposite side with his comakers."

It is not a matter of any moment now to inquire whether the case just referred to was correctly determined upon the facts there involved or not. It is sufficient to know that the principle stated in the headnote is applicable to the facts of this case, since the defendant Jackson, the cashier, was not representing the plaintiff bank in the transaction here involved, but was merely representing himself. Neither his knowledge nor acts in the premises can therefore be given any legal effect as against the bank.

There is nothing presented in this record which would au-

thorize us to interfere with the judgment, and it is therefore affirmed, with costs to respondent.

STRAUP, C. J., and MORSE, District Judge, concur.