First National Bank of Manlius, Appellee, v. John J. Garland, Appellant.

## Gen. No. 5445.

1. APPEALS AND ERRORS—*what not considered on review.* The contents of a plea not abstracted are not before the Appellate Court on review.

2. PLEADING—*when plea of want of consideration will not avail.* A plea of mere want of consideration is not good in a suit by an endorsee before maturity against the maker.

3. PLEADING—*when charge of fraud insufficient.* A general charge that a party acted fraudulently or was guilty of fraud is a statement of a conclusion and is not good pleading.

4. NEGOTIABLE INSTRUMENTS—*what fraud constitutes defense to action by endorsee before maturity.* The fraud and circumvention which may be pleaded in bar to an action on a note does not mean fraud in the quality, quantity, value or character of the consideration, but such a trick or device as induces the giving of one character of instrument under the belief that it is of a different character, an example of which would be the giving of a note under the belief that it is a receipt. A misrepresentation of the legal effect of the instrument does not constitute such fraud and circumvention. If the maker can read he is bound to do so, and to judge of the legal import of the instrument.

5. NEGOTIABLE INSTRUMENTS—*what does not affect negotiability*

*of promissory note.* An option to declare the principal due upon default in payment of interest does not affect the negotiable character of the instrument.

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. *Opinion filed March 16, 1911.*

JOHN E. ERWIN, for appellant.

BROOKS & BROOKS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In this action of *assumpsit* by the bank against Garland, plaintiff filed a special count and the common counts. The special count alleged that defendant on July 15, 1909, made his promissory note and delivered the same to D. Burkey, and thereby promised to pay to the order of said Burkey, ninety days after said date, $500 for value received with interest, etc., and that thereupon at said time and place Burkey assigned said note by endorsement thereof under his hand to the plaintiff, whereby defendant became liable to pay plaintiff the amount of said note, and being so liable promised to pay the same. Defendant filed pleas of *non assumpsit,* want of consideration, and that the execution of the note was obtained by fraud and circumvention. Plaintiff demurred to the second and third pleas and said demurrer was sustained and defendant elected to stand by said pleas. Thereafter there was a jury trial and a verdict and a judgment for plaintiff, from which defendant appeals.

The plea of want of consideration is not abstracted and therefore it is not before us for consideration; but obviously a plea of mere want of consideration would not be good in a suit by endorsee before maturity against maker. The plea of fraud and circumvention makes frequent use of the word "fraudulent" but a general charge that a party acted fraudulently or was

guilty of fraud is a statement of a conclusion and is not good pleading. People v. Henry, 236 Ill. 124, and cases there cited. The fraud and circumvention which may be pleaded in bar to an action on a note does not mean fraud in the quality, quantity, value or character of the consideration, but such a trick or device as induces the giving of one character of instrument under the belief that it is of a different character, an example of which would be the giving of a note under the belief that it is a receipt. A misrepresentation of the legal effect of the instrument does not constitute such fraud and circumvention. If the maker can read he is bound to do so, and to judge of the legal import of the instrument. Latham v. Smith, 45 Ill. 25. The plea in question averred that this note was signed in connection with a contract for the exchange of certain lands owned or controlled by defendant for certain lands owned or controlled by Burkey and another; that Burkey was unable to read said instruments which he then executed, by reason of the condition of his eyes; that his wife was present and he had her read the contract to him; that the contract contained the words "when deal is closed five hundred dollar note is to be returned;" that defendant then called on Burkey to investigate the note and that Burkey arranged the note and contract for investigation by defendant's wife, and stated that he would hold the note in accordance with the terms thereof; that it contained said condition, and that by reason thereof it could not be negotiated or assigned, and would not be if it could; and that he signed believing that the note contained such a condition. Defendant had his wife present to read for him, and there is no averment that she did not read the note, and he is bound by her knowledge of what it contained. Moreover, the plea does not allege that the deal was closed; and, construing the plea most strongly against the pleader, the meaning is that defendant signed this note as a promise

to pay the sum therein named as liquidated damages if defendant should fail to perform his contract, and that he did fail to perform his contract. Therefore the facts stated and the presumptions from the facts omitted show that defendant has no defense against the note, if Burkey had sued. We are of opinion the demurrer was properly sustained.

At the trial defendant offered the contract in evidence and the court sustained an objection thereto. The contract was not between plaintiff and defendant; and plaintiff, being presumed to be a purchaser before maturity without notice, is not subject to the contract, and there was no issue formed which made the contract material. Appellant contends that the instrument sued upon was not a promissory note, because, after the words which constitute the usual form of a promissory note, it also contains the following:

"If default shall be made in the payment of interest, or in any of the conditions or agreements of the mortgage collateral thereto, the whole amount of the principal sum shall, at the option of the mortgagee or his heirs or assigns, become due and payable without any notice whatever, (notice of such option being hereby waived.) Such option to be made at any time after default, before the principal falls due, according to the terms of this note. This note secured by a real estate mortgage of even date herewith."

These words do not affect the negotiability of the instrument under Zollman v. Jackson Savings Bank, 238 Ill. 290, and cases there cited. We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*