N. PAUL PHELPS, DEFENDANT IN ERROR, v. PETER WEBER, PLAINTIFF IN ERROR.

Argued March 5, 1913—Decided June 18, 1913.

1. The liability of an endorser upon a promissory note is determined by the law of the place where the endorsement was made, in the absence of proof of its delivery in another jurisdiction.

2. Prior to the enactment of our "Negotiable Instruments" act it was the settled rule in this state that where nothing appears in the body of the contract to indicate the maker, and it is subscribed by a person who adds words to his signature indicating that he signs it in a representative capacity, the obligation is *prima facie* that of the individual; but this presumption was disputable and parol evidence was admissible to show the intention of the parties and the right of the signer to bind the person whom he claimed to have represented. This rule prevailed not only between the original parties to the contract, but also between the maker and a *bona fide* holder for value. *Held*, that the twentieth section of that act, which provides that "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent or as filling a representative character, without disclosing his principal, does not exempt him from personal liability," does not alter this common law rule.

---

On error to the Essex Circuit Court.

For the plaintiff in error, *McDermott & Enright.*

For the defendant in error, *Robert M. Boyd, Jr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover the amount alleged to be due upon a series of eight promissory notes, identical in form, date and amount, except as to the time of maturity thereof. The following is a sample of the notes sued upon:

"$25.00                                    February 25th, 1909.

"22 mos. after date we promise to pay to the order of J. F. Frech, Jr. twenty-five dollars at 6%.

"Value received.        UNITED PTG. & PAPER CO., INC."


[Endorsed]—"Peter Weber, President; C. P. Amalfitano, Sec. & Treas.; James G. Martin, Jr., V. P.; J. Fred Frech, Jr."


The trial resulted in the direction of a verdict against Peter Weber individually, and he assigns error on that direction.

The proofs show that these notes were made in the city of New York, that they were taken from that place by Mr. Amalfitano, the treasurer of the United Printing and Paper Company, Incorporated, to the home of Weber in the city of Orange in this state, and that the latter there signed the contract of endorsement upon which his liability is rested. The defence offered to prove that when Mr. Weber endorsed the notes he did not do so for the purpose of binding himself individually, but for the purpose of giving them validity as corporation papers, and that he notified the payee, Frech, at the time, that he would not make himself personally liable by endorsing the notes in person. The court overruled the offer for the reason that—as it considered—the facts embraced in it constituted no defence against a holder "in due course," which the plaintiff undoubtedly was. The determination of the present case depends upon the correctness of this ruling of the trial court.

The plaintiff contends, and the trial court held, that the obligation of the defendant as endorser was to be determined by the law of New York, and not of this state, for the reason

that the contract of endorsement was entered into therein. But there is no proof of that fact. On the contrary, all that appears from the evidence in the case is that the endorsement was made by the defendant at his home in the city of Orange. N. J. If the proofs had shown that, after the execution of the contract in this state, it had been delivered to Frech. the payee, in the city of New York. there would have been some force in the contention of the plaintiff. but, in the absence of such proof. the law of the forum where the contract was executed controls the rights and obligations of the parties to it. *Dan. Neg. Inst.,* § 899; 2 *Pars. Bills & N.* 346; *Mackintosh* v. *Gibbs,* 50 *Vroom* 43; *S. C., on error,* 52 *Id.* 577.

What, then, is the measure of the liability, under the law of this state, of a person who endorses the promissory note of a company, and affixes the word "President" to his signature? The twentieth section of our Negotiable Instruments act (*Comp. Stat., p.* 3737) provides that "Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." There is nothing either in the contract under construction, or by way of addition to the defendant's signature. which discloses the fact that the endorser signed on behalf of a disclosed principal, or that he signed in a representative capacity, and he can, therefore, take no benefit from the statutory provision. Does the latter part of this provision change the rule of law which prevailed in this state before the enactment of the statute. with relation to the liability of a person who signs an obligation of this kind and attaches an official designation to his signature? The rule to be adduced from the cases of *Kean* v. *Davis,* 1 *Zab.* 683; *Reeve* v. *First National Bank,* 25 *Vroom* 208. and *Simanton* v. *Vliet.* 32 *Id.* 595, is that where nothing appears in the body of the contract to indicate the maker, and it is

subscribed by a person who adds words to his signature indicating that he signs it in a representative capacity, the obligation is, *prima facie,* that of the individual; but this presumption is disputable, and parol evidence is admissible to show the intention of the parties and the right of the signer to bind the person whom he claims to have represented. And this rule prevails not only between the original parties to the contract, but also between the maker and a *bona fide* holder for value. *Kean v. Davis, supra.* The words of the statute are that "the mere addition of words describing him * * * as filling a representative character, without disclosing his principal, shall not exempt him from personal liability." This is a mere legislative reiteration of the common law rule which was established by the cases cited, and which prevailed in this state before the enactment of the statute, viz., that a person who signed such an obligation could not relieve himself from individual liability by the mere addition to his signature of words describing himself as filling a representative capacity, and the language used by the legislature does not seem to us even to suggest an intention on the part of that body to abrogate the rule of evidence which permitted the maker to show by parol testimony that it was not the purpose of the parties that he should be personally bound, but that the object sought to be accomplished—and understood between them—was the binding of a principal whom he was authorized to represent. We, therefore, are of opinion that the excluded offer, if it had been substantiated by proof, would have constituted a complete defence to the plaintiff's action, when coupled with proof that the defendant had authority to bind the company of which he was president by executing for it the contracts of endorsement upon which his liability was predicated. He attempted to show such authority by proof that the notes in suit were given in part payment of the purchase price of a printing plant sold to the United Printing and Paper Company by Frech. This proof was excluded by the trial court against his protest, and error is also assigned upon this ruling. If it had been admitted it would have supported the presumption that the defendant,

by virtue of his office of president, had authority to bind the United Printing and Paper Company by the contract of endorsement.

The exclusion of the offer of the defendant hereinbefore set forth, and the overruling of the testimony showing his authority to bind his company by the contract of endorsement being, each of them, harmful error, the judgment under review will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 13.