FIRST NATIONAL BANK OF MILES CITY, APPELLANT, v.
BARRETT, RESPONDENT.

(No. 3,647.)

(Submitted March 29, 1916.   Decided May 8, 1916.)

[157 Pac. 951.]

*Negotiable Instruments—What Constitutes—Defenses—Want of
Consideration—Erroneous Instruction.*

Negotiable Instruments—What Constitutes.
  1.   To constitute an instrument a negotiable one, it must, under sec-
  tion 6032, Revised Codes, be in writing, signed by the maker, contain
  an unconditional promise to pay a sum certain in money, and be pay-
  able, on demand or at a fixed or determinable future time, to order
  or bearer.
     [As to what is negotiable instrument, see notes in 14 Am. Dec. 421;
  Ann. Cas. 1912D, 4.]

Same—Negotiability not Destroyed, by What.
  2.   The negotiable character of a promissory note which met the re-
  quirements of the statute enumerated above was not affected by recitals
  therein contained: That the makers had purchased a stallion from the
  payee; that the indebtedness should bear interest at a fixed rate, pay-
  able semi-annually; that upon default of an interest installment, the
  principal sum with interest should become due; that the makers should
  pay an attorney fee in case collection had to be enforced, coupled with
  an order authorizing delivery of the animal to any one of the makers.

Same—Defenses Available.
  3.   The defenses of want of title in plaintiff and forgery of defend-
  ant's signature are available whether the instrument sued on be negotia-
  ble or non-negotiable.

Same—Want of Consideration—When not Defense.
  4.   In an action by an indorsee before maturity to enforce collection
  of a negotiable promissory note, an instruction that if there was not
  any consideration for the instrument as between the maker and the
  payee, verdict must be for defendant, was erroneous.

*Appeal from District Court, Beaverhead County; W. A.
Clark, Judge.*

ACTION by the First National Bank of Miles City against
M. Barrett.   From a judgment for defendant and an order
denying a new trial, plaintiff appeals.   Reversed and remanded.

As to effect of provisions accelerating maturity, as affecting nego-
tiability of note, see note on the different phases of the question in
35 L. R. A. (n. s.) 390; L. R. A. 1915B, 472.

For authorities passing on the question of provisions for attorney's
fees as affecting negotiability of note, see note in L. R. A. 1915B, 675.

*Messrs. Loud, Collins, Campbell, Wood & Leavitt* and *Mr. H. B. Duff,* for Appellant, submitted a brief; *Mr. C. H. Loud* argued the cause orally.

A note which contains a statement of the particular transaction giving rise to the instrument is not thereby rendered non-negotiable. (Selover on Negotiable Instruments, 2d ed., 50; *Newton Wagon Co.* v. *Diers,* 10 Neb. 284, 4 N. W. 995; *Doherty* v. *Perry,* 38 Ind. 15; *Bank of Sherman* v. *Apperson,* 4 Fed. 25; *First National Bank* v. *Michael,* 96 N. C. 53, 1 S. E. 855.) "Thus a promise to pay a stated sum for the privilege of placing advertising signs in street-cars is negotiable, and a statement that the note was given for insurance, or for personal property or for rent, does not destroy its negotiability." (*Id.; Siegel* v. *Chicago Trust etc. Bank,* 131 Ill. 569, 19 Am. St. Rep. 51, 7 L. R. A. 537, 23 N. E. 417; *American Ins. Co.* v. *Gallahan,* 75 Ind. 168; *Kirk* v. *Dodge County Mut. Ins. Co.,* 39 Wis. 138, 20 Am. Rep. 39; *Union Ins. Co.* v. *Greenleaf,* 64 Me. 123; *Taylor* v. *Curry,* 109 Mass. 36, 12 Am. Rep. 661; *Collins* v. *Bradbury,* 64 Me. 37; *Buchanan* v. *Wren,* 10 Tex. Civ. 560, 30 S. W. 1077.)

Fraud in the contract, or in the consideration out of which the note arose, is no defense in favor of the maker against the *bona fide* holder thereof. (*Culver* v. *Hide & Leather Bank,* 78 Ill. 625; *Wood* v. *Waters,* 1 Litt. (Ky.) 176, 13 Am. Dec. 228; *Farrell* v. *Lovett,* 68 Me. 326, 28 Am. Rep. 59; *Ross* v. *Webster,* 63 Conn. 64, 68, 26 Atl. 476; *Barney* v. *Earle,* 13 Ala. 106; *King* v. *Doane,* 139 U. S. 166, 35 L. Ed. 84, 11 Sup. Ct. Rep. 465; *Middletown Bank* v. *Jerome,* 18 Conn. 443; *Strough* v. *Gear,* 48 Ind. 100.)

If the maker, or other party bound by the original consideration of negotiable paper, proves that there was fraud in the inception of the instrument, or circumstances raising a strong suspicion of fraud, the general presumption in favor of the holder is then overcome, and he is bound to show that he acquired the paper *bona fide,* for value, before maturity, and in the usual

course of business, and under circumstances creating no presumption that he knew of the fraud. (*Bedell* v. *Herring*, 77 Cal. 572, 11 Am. St. Rep. 307, 20 Pac. 129; *Carrier* v. *Cameron*, 31 Mich. 373, 18 Am. Rep. 192; *Hamilton* v. *Marks*, 63 Mo. 167.)

*Messrs. Norris, Hurd & Smith*, for Respondent, submitted a brief; *Mr. Edwin L. Norris*, argued the cause orally.

The lower court held that the stockholders' purchasing contract in issue here was a non-negotiable instrument, and that any defense thereto which might have been made against C. W. Green, the original payee named therein, might be made as against the plaintiff and appellant herein. This holding is supported by the provisions of section 5853, Revised Codes, and the case of *State* v. *Mitton*, 37 Mont. 366, 375, 127 Am. St. Rep. 732, 96 Pac. 926.

Whether the bank was a beneficial holder of the note or held the same for collection purposes was a disputed and material fact in the case, and a fact which the jury had the right to, and doubtless did, pass upon in rendering its verdict.

The jury having in its verdict found all the issues in favor of respondent, it must be presumed that it found that the appellant was not the beneficial owner of said instrument, and held the same merely for collection purposes.

If the bank was not the beneficial holder of said note and held the same merely for collection purposes, then any defense that might have been offered by the respondent against C. W. Green, the payee named in said instrument, could with like effect be offered against the appellant. (*Craig* v. *Palo Alto Stock Farm*, 16 Idaho, 701, 102 Pac. 393; *Smith* v. *Bayer*, 46 Or. 143, 114 Am. St. Rep. 858, 79 Pac. 497; *Prescott* v. *Leonard*, 32 Kan. 142, 4 Pac. 172; *Saulsbury* v. *Corwin*, 40 Mo. App. 373; *Johnston* v. *Schnabaum*, 86 Ark. 82, 126 Am. St. Rep. 1082, 15 Ann. Cas. 876, 17 L. R. A. (n. s.) 838, 109 S. W. 1163; *Schneider* v. *Johnson*, 161 Mo. App. 375, 143 S. W. 78; *Wilson* v. *Tolson*, 79 Ga. 137, 3 S. E. 900; *Holcomb* v. *Sayers*, 173 Mich. 238, 138 N. W. 1043.)

Regardless of whether or not the stockholders' purchasing contract was a forgery, there can be no question but that the same was obtained by or originated in fraud, and under such conditions it is necessary for the appellant to show that it was the holder in due course as defined by statute, and this the appellant failed to do. No witness for appellant anywhere states that the bank took the note in good faith and for value, or that the bank had no notice of the infirmity in the instrument or defect in the title of Mr. Ingham or Mr. Green thereto. The appellant by failing to bring itself within the purview of the definition of a holder in due course may not now insist that it was such holder, or that it may be exempt from the fraud practiced by Green, the original payee and holder of the note, upon respondent and the persons whose names are purported to be attached to said instrument.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover upon an instrument in writing which it is alleged was transferred to plaintiff by indorsement before maturity. The writing, without the indorsement, follows:

"Stockholders' Purchasing Contract.

"Nov. 15th, 1910.

"After a good and satisfactory examination of the Percheron stallion named Bobino No. 33674 owned by C. W. Green, of Miles City, Mont., and recognizing his value as a means of improving our horse stock, we, the undersigned subscribers, hereby purchase said stallion of C. W. Green accordingly, and we hereby authorize the delivery of said horse to any one of the subscribers hereto.

"$3,600.00.          Miles City, Mont., Nov. 15th, 1910.

"For value received, I promise to pay to the order of C. W. Green, the sum of thirty-six hundred dollars, payable at the

First National Bank of Miles City, Montana, in payments as
follows:

> Thirty-Six Hundred Dollars, Nov. 15th, 1911.
>
> ....................................... 191–.
>
> ....................................... 191–.

with interest from date at the rate of 8 per cent., payable semi-
annually, and, if not so paid, the whole sum of both principal
and interest to become due and collectible at the option of the
holder hereof, and, in case suit or action is instituted to collect
payment, I agree to pay reasonable attorney fees.

> "M. Barrett.
> "James F. Blair.
> "W. G. Blair.
> "Nay & Jacobs.
> "James Mansfield.
> "John Thoma.
> "Frank Esterwold.
> "M. K. Davison.
> "James Elmose Co.
> "J. R. Scott."

The answer consists of a general denial of all the allegations
in the complaint, a specific denial that there was ever any con-
sideration for the instrument, and the further denial that the
defendant ever executed it.   The answer alleges affirmatively
that, if defendant's signature is affixed to the writing, it was
obtained by fraud.   The reply denies all new matters.

Upon the trial the court adopted the theory of the defendant
that the instrument is non-negotiable in character, and that any
defenses available as against the original payee were equally
available as against the plaintiff, and instructed the jury accord-
ingly.   In answer to a special interrogatory the jury found that
there was not any consideration for the writing.   A general ver-
dict in favor of the defendant was returned, and from the judg-
ment entered thereon and from an order denying a new trial,
the plaintiff appealed.

· Appellant insists that the instrument in question is a negotiable promissory note, and that the court erred in the theory adopted for the trial of the case.   Our Negotiable Instruments Act (Rev. Codes, secs. 5842–6037) defines a negotiable promis-
[1]   sory note as follows: "A negotiable promissory note within the meaning of this Act is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer.   Where a note is drawn to the maker's own order, it is not complete until indorsed by him."   (Sec. 6032.)   The essential elements are: (1) It must be in writing; (2) it must be signed by the maker; (3) it must contain an unconditional promise to pay a sum certain in money; (4) it must be payable to order or to bearer; (5) it must be payable on demand or at a fixed or determinable future time.   These are the tests prescribed by statute to which every instrument must be subjected in order to maintain the character and enjoy the privileges of a negotiable promissory note.

To what extent does the instrument in question meet these
[2]   statutory requirements?   (1) It is in writing.   (2) It is signed by the makers.   (3) It contains an unconditional promise to pay a sum certain in money, to-wit, $3,600.   (4) It is payable at a fixed time, November 15, 1911.   (5) It is payable to the order of C. W. Green.   The instrument recites that the makers have purchased from C. W. Green the Percheron stallion Bobino, but this addition does not transgress any provision of the Negotiable Instruments Act; on the contrary, such a recital is specifically authorized.   Section 5851 provides that an unqualified promise is unconditional within the meaning of the Act, though it is coupled with a statement of the transaction which gives rise to the instrument.   This writing in question also provides: (a) That the indebtedness shall bear interest at a fixed rate, payable semi-annually; (b) that upon default in the payment of an interest installment the principal sum, with interest, shall become due; and (c) that the makers shall pay an attorney fee in case it is necessary to enforce collection of the

indebtedness. Provision is made in the Negotiable Instruments Act for all of these apparent qualifications to the terms of the definition. Section 5850, subdivision 1, covers the first; subdivision 3 the second; and subdivision 5 the third. This leaves nothing of the instrument except the following: "We hereby authorize the delivery of said horse to any one of the subscribers hereto." Respondent's counsel direct our attention to the fact that the promise to pay is coupled with an order for the delivery of the horse. Even so, it does not affect the negotiable character of the instrument. It still meets every requirement of the definition contained in section 6032, above.

The statement of our reason for the decision in *State* v. *Mitton*, 37 Mont. 366, 127 Am. St. Rep. 732, 96 Pac. 926, is not as clear as it might have been, though the correctness of the conclusion upon the character of the instrument there involved cannot be questioned. That writing contained an order for school supplies to be shipped "subject to approval," and this clearly rendered the promise to pay conditional—conditioned upon the approval of the goods ordered. The decision in *Cornish* v. *Woolverton*, 32 Mont. 456, 108 Am. St. Rep. 598, 81 Pac. 4, was rendered under a different statute and is not in point here.

The writing in question is a negotiable, promissory note within the meaning of our Code. (See Crawford's Annotated Negotiable Instruments Law, 4th ed., p. 17.)

But counsel for respondent insist that the pleadings raise an issue as to plaintiff's ownership of the note and as to whether defendant ever signed the instrument in question, and that the general verdict in favor of the defendant is, in effect, a finding that plaintiff is not the owner of the note, and that defendant's [3, 4] signature thereto is a forgery. It follows, of course, that if plaintiff has no title to the note, it cannot maintain this action, and it is equally clear that, if defendant's signature to the instrument is a forgery, and he is not precluded from setting up this defense, he cannot be held to the original payee or to anyone else; but the general verdict was apparently prompted solely by the finding of no consideration. In an action by Green,

the original payee, that finding would be conclusive. The defenses of want of title in plaintiff and forgery of defendant's signature were equally available whether the instrument be negotiable or non-negotiable; so that the only defense to which the court's instruction No. 2 could have referred properly was the defense of want of consideration, and that instruction therefore, in effect, charged the jury: "If you find that there was not any consideration for the instrument as between Green and Barrett, then your general verdict must be for the defendant." In view of our decision that the instrument is negotiable in character, this instruction is erroneous, as was likewise the theory upon which the case was tried.

The judgment and order are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

