[L. A. No. 5791. In Bank.—February 24, 1919.]

UTAH STATE NATIONAL BANK (a Corporation), Appellant, v. F. OWEN SMITH et al., Respondents.

[1] NEGOTIABLE INSTRUMENTS—PROMISSORY NOTE DATED AND PAYABLE IN UTAH—LAW GOVERNING NEGOTIABILITY.—The negotiability of a promissory note dated and payable in the state of Utah must be determined by the law of the place of payment.

[2] ID.—NEGOTIABLE INSTRUMENT LAW—RULE OF CONSTRUCTION—PURPOSE OF ACT.—It is the duty of the courts in construing the negotiable instrument law, which has now been adopted by all but two states (Georgia and Texas) to have in mind the purpose of securing uniformity in the law of commercial paper.

[3] ID.—NOTE ACCELERATING DUE DATE—DEFAULT IN PAYMENT OF INTEREST—NEGOTIABLE INSTRUMENT UNDER UTAH LAW.—Under sections 1553 and 1556 of the Compiled Laws of the state of Utah, which are identical in language with sections 3082 and 3085 of the Civil Code of this state, as enacted in 1917, and sections 1 and 4 of the Uniform Negotiable Instrument Law, which section 1553 provides that a note is negotiable if payable at a "determinable future time," a promissory note dated and payable in Utah which provides that if the interest is not paid when due, both principal and interest shall become due at the option of the holder of the note, is a negotiable instrument.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Reversed.

The facts are stated in the opinion of the court.

Ford & Hammon, Percy V. Hammon and Joseph L. Lewinsohn for Appellant.

R. Y. Williams and A. W. Rutan for Respondents.

WILBUR, J.—Appellant, claiming to be a *bona fide* purchaser for value of a negotiable promissory note, brought this action against the makers thereof to enforce its payment. The defendants, asserting that the note was non-negotiable, interposed a defense valid against the payee therein. The court instructed the jury that the note was non-negotiable and that the defense, if established, would defeat recovery on the note. A verdict was rendered favorable to the defendants and judgment thereon entered. This is an appeal from the judgment. [1] The note in question was dated and payable in Utah, and its negotiability must be determined by the law of the place of payment. (1 Daniel on Negotiable Instruments, 6th ed., secs. 865, 879; Wharton on Conflict of Laws, 3d ed., 451d; notes, 61 L. R. A. 209; 19 L. R. A. (N. S.) 670, 671.) The provision relied upon to establish non-negotiability is the usual provision for accelerating the due date for default in the payment of interest, as follows: ''If the interest is not paid when due, then both principal and interest shall become due at the option of the holder of this note.'' At the time of the execution of the note and when it was payable the uniform negotiable instrument law was in effect in Utah, although not then adopted in California. The terms of the Utah statute are shown in evidence, and, so far as the question here involved is concerned, are substantially the same as the uniform negotiable instrument law enacted in California in 1917. The two sections of the Utah law involved are 1553 and 1556 of the Compiled Laws of Utah, which are identical in language with our Civil Code, sections 3082 and 3085, as enacted in 1917, (Stats. 1917, pp. 1532, 1533), and to sections 1 and 4 of the uniform negotiable instrument law (Crawford's Annotated Negotiable Instrument Law, pp. 11 and 19), and read as follows, viz.:

''1553. Negotiable instruments. Requirements of. An instrument to be negotiable must conform to the following requirements:

''1. It must be in writing and signed by the maker or drawer;

''2. Must contain an unconditional promise or order to pay a sum certain in money;

''3. Must be payable on demand, or at a fixed or determinable future time;

"4. Must be payable to the order of specified person or to bearer; and,

"5. Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

"1556. Time payable. An instrument is payable at a determinable future time, within the meaning of this title, which is expressed to be payable:

"1. At a fixed period after date or sight; or

"2. On or before a fixed or determinable future time specified therein; or

"3. On or at a fixed period after the occurrence of a specified event, which is certain to happen, though the time of happening be uncertain. An instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect."

This uniform law has now been adopted by all but two states of the Union (Georgia and Texas). The history of its drafting and enactment in the various states makes it clear that the purpose was to secure uniformity of legislation and decision throughout the United States, and the purpose is further manifest by a general proviso with reference to the applicability of the general law-merchant to supplement the legislation, and no doubt to aid in its interpretation, as follows, viz.: "In any case not provided for in this act the rules of the law-merchant shall govern." (Utah Negotiable Instrument Law, sec. 196; Crawford's Annotated Negotiable Instrument Law, sec. 196, p. 8.)

[2] It is generally held that it is the duty of the courts in construing this law to have in mind the purpose of securing uniformity in the law of commercial paper. (*State Bank etc.* v. *Bilstad,* 162 Iowa, 433, [49 L. R. A. (N. S.) 132, 136 N. W. 204, 144 N. W. 363]; *Felt* v. *Bush,* 41 Utah, 462, [126 Pac. 688]; *Union Trust Co.* v. *McGinty,* 212 Mass. 205, [Ann. Cas. 1913C, 525, 98 N. E. 679]; *Broderick* v. *McGrath,* 81 Misc. Rep. 199, [142 N. Y. Supp. 497]; *Rockfield* v. *First Nat. Bank,* 77 Ohio St. 311, [14 L. R. A. (N. S.) 842, 83 N. E. 392].) As the view of the supreme court of Utah on this rule of interpretation is of special interest, we quote from the case of *Felt* v. *Bush, supra,* as follows: "The question, therefore, it seems to us, has passed beyond the domain of judicial discussion. As we understand it, the negotiable instruments law was in-

tended to give legislative sanction to the majority rule, to which reference has been made, and was conceived by its authors and adopted by the different state legislatures for the express purpose of harmonizing the conflicting decisions which had been rendered on the subject of negotiable instruments and the rights of those interested therein whose rights were acquired before maturity. As we view it, therefore, it is our plain duty to follow the numerous decisions that have directly passed upon the negotiable instruments law, and have construed it in accordance with the majority rule. The question is one of business expediency, and not of logic or equity as applied to an individual case.'' **[3]** Before the enactment of this law the great weight of authority was that under the law-merchant the clause accelerating the due date did not destroy its negotiability. (*Chicago Railway Equipment Co.* v. *Merchants' Nat. Bank,* 136 U. S. 268, [34 L. Ed. 349, 10 Sup. Ct. Rep. 999, see, also, Rose's U. S. Notes] ; *Phelps* v. *Sargent,* 69 Minn. 118, [71 N. W. 927] ; *Wilson* v. *Campbell,* 110 Mich. 580, [35 L. R. A. 544, 68 N. W. 278] ; *Clark* v. *Skeen,* 61 Kan. 526, [78 Am. St. Rep. 337, 49 L. R. A, 190, 60 Pac. 327] ; *Harrison* v. *Hunter et al.* (Tex. Civ. App.), 168 S. W. 1036; *First Nat. Bank etc.* v. *Garland,* 160 Ill. App. 407; *Hunter* v. *Clarke,* 184 Ill. 158, [75 Am. St. Rep. 160, 56 N. E. 297] ; *Merrill* v. *Hurley,* 6 S. D. 592, [55 Am. St. Rep. 859, 62 N. W. 958] ; *Stark* v. *Olsen,* 44 Neb. 646, [63 N. W. 37] ; Daniel on Negotiable Instruments, 6th ed., sec. 48; *Smith* v. *Williamson,* 8 Utah, 219, [30 Pac. 753].) All the decisions based upon the uniform negotiable instrument law, so far as we are advised, hold that the clause in question does not destroy the negotiability of a promissory note. (*First Nat. Bank* v. *Barrett,* 52 Mont. 359, [157 Pac. 951] ; *Bright* v. *Offield,* 81 Wash. 442, [143 Pac. 159] ; *Mackintosh* v. *Gibbs,* 79 N. J. L. 40, [74 Atl. 708] ; *Des Moines etc. Bank* v. *Arthur,* 163 Iowa, 205, [Ann. Cas. 1916C, 498, 143 N. W. 556] ; *State Bank* v. *Bilstad,* 162 Iowa, 433, [49 L. R. A. (N. S.) 132, 136 N. W. 204, 144 N. W. 363].) The reasoning by which the courts have reached the conclusion that such a note is negotiable is not in each case the same. By section 1553, *supra* (3082 of our code), a note is negotiable if payable at a ''determinable future time.'' A matter is determinable ''that may be accurately found out, settled or decided'' (Standard Dictionary) ; that is ''capable of being deter-

mined, definitely ascertained, decided upon, or ended."
(Webster's New International Dictionary.)  A *future* deter-
minable time could be one determinable at some time in the
future as well as one determinable at present, or in advance.
By section 1556 (3085 of our code) it is sought to make clearer
what is meant by a "determinable future time." An instru-
ment payable at a fixed period after sight is payable at a "de-
terminable future time," the exact date of payment being
ascertainable at the date of presentation, but not before.   A
note payable "on or before a fixed date" is payable at a "de-
terminable future time." If the instrument expressly states
that it is payable "on or before" a fixed date, it is payable
at the date in question or, at the option of the payer, at any
earlier date selected by him for payment.   The exact due date
is thus left to be determined at a future date by the option of
the payer, if exercised before the fixed due date.   Under the
law-merchant the option in such a case lies altogether with the
payer, but the due date is no less "determinable" when
the option lies with the payee instead of the payer, and if the
option of the payee is limited to the case of a default in the
payment of an installment of interest, the date of maturity is
not less determinable in the future, for it may be fixed by the
payee at any reasonable time after such default.  It should
be observed that the statute does not say that only an instru-
ment which uses the words "on or before" a fixed date is nego-
tiable.   It declares that an instrument which is in fact pay-
able on or before a certain date is negotiable.   For the reasons
stated the note in question is payable at a determinable future
time, to wit, at a fixed date or before that date at the payee's
option in case of a default in the payment of interest.   There
seems no reason for supposing that in this attempt to secure
uniform legislation and decision it was intended to change a
well-settled rule of the law-merchant, by which in nearly every
state such a note was negotiable.   Construed in the light of
such rule, and under the plain language of the statute, the
note is clearly negotiable.

Respondents call attention to the fact that the Utah nego-
tiable instrument law differs from that of California and some
other states, in that the words *"or of interest"* contained in
section 3083, subdivision 3, of our amended Civil Code, and
section 2 of the uniform law (Crawford's Annotated Nego-
tiable Instrument Law, p. 13), are not included in the corre-

sponding section (1554) of the Utah law. This section, however, defines when "the sum payable is a sum certain within the meaning of the act." The provision of the California law states that the sum is certain "although it is to be paid . . . by stated installments, with a provision that upon default in payment of any installment *or of interest,* the whole shall become due." But the question here involved is with reference to certainty in the time of payment, and turns upon the construction of subdivision 2 of section 3085, *supra.* Our attention is called to certain decisions by the courts of California upon the subject of the negotiability of promissory notes: *National Hardware Co.* v. *Sherwood,* 165 Cal. 1, [130 Pac. 881]; *Meyer* v. *Weber,* 133 Cal. 681, [65 Pac. 1110]; *Smiley* v. *Watson,* 23 Cal. App. 409, [138 Pac. 367]. It is suggested that in the interpretation of the uniform negotiable instrument law of Utah we should consider the same in the light of these decisions, on the theory that the Utah law is presumed to be the same as our own except where shown to be to the contrary. That rule has no applicability here, for the reason that it was stipulated in the court below that the statute in question constituted the law in Utah. The decisions of the courts of this state, based upon its various code provisions concerning negotiable instruments, and particularly upon sections 3088 and 3093 of the Civil Code, since repealed and replaced by the uniform negotiable instrument act, obviously can be of no assistance in ascertaining the law of Utah under the uniform act. Nor are we called upon to prophesy what the courts of Utah may do when the same question comes before them under the uniform negotiable instrument law. The question simply is: What interpretation do we place upon the language of the Utah statute in proof in this case? If there is any decision of the supreme court of Utah bearing upon the construction of the statute, such decision was not proved in the case, and, it may be added, is not now called to our attention. The note was negotiable under the law of Utah. The instruction to the contrary was erroneous.

Judgment reversed.

Sloss, J., Lennon, J., Shaw, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.