CAMDEN COUNTY CIRCUIT COURT.

FIRST NATIONAL BANK OF JERSEY CITY, FOR THE USE OF NATIONAL SURETY COMPANY, PLAINTIFF, v. MERCHANTS TRUST COMPANY, DEFENDANT.

Decided December 31, 1927.

For the plaintiff, *Starr, Summerill & Lloyd.*

For the defendant, *Patrick H. Harding.*

DONGES, J.   This suit grows out of the acts of one Balcer, who was the agent in Camden of the Colonial Life Insurance Company, and who carried out a scheme to defraud the insurance company by submitting to the company bogus certificates of death upon the lives of fictitious persons, upon which names policies of insurance had been issued.   Upon submission of these proofs, the insurance company forwarded to Balcer checks payable to the fictitious beneficiaries.   Balcer wrote the name of the fictitious person on the back of the checks, then below such name placed his own endorsement and collected the amount thereof through the defendant bank, which guaranteed all endorsements prior to its own. Upon this guarantee, plaintiff honored the checks and paid same to defendant.   There were fourteen such checks between August 10th, 1925, and February 1st, 1926.   National Surety Company having guaranteed the plaintiff against such loss, reimbursed plaintiff for losses sustained by it by reason of

the payment of the checks in question. This suit is brought to recover such losses from defendant on its guarantee of endorsements on these checks.

Defendant answered the complaint by admitting that the checks were drawn as alleged; denies that they were drawn in the ordinary course of business; avers that it made no guarantee as to the actual existence of the payee, and guaranteed only the signature of Balcer; that the plaintiff was reimbursed its loss by Colonial Life Insurance Company; that any loss of plaintiff was sustained through the neglect of the Colonial Life Insurance Company, and that the insurance company should bear any loss, because of its failure to use reasonable diligence and care to discover the fraud.

Motion is now made by defendant for an order either requiring plaintiff to add the Colonial Life Insurance Company as a party plaintiff or defendant, or by the order of court adding the insurance company as a party defendant.

There is undoubted authority to add parties, whenever it is apparent that a complete determination of the matters in controversy cannot be had without them. Sections 6, 8 and 9, Practice act. *Pamph. L.* 1912, *pp.* 378, 379.

The question to be determined is, therefore, whether or not the Colonial Life Insurance Company is a necessary party to the litigation, or a proper party to the determination of the suit between the parties.

The case of *Sprague* v. *West Hudson County Trust Co.,* 92 *N. J. Eq.* 639, settled this question. In that case, Swift & Company was the depositor, and the endorsers after certained forged endorsements sought to have the depository banks require Swift & Company to establish its right to repayment from such banks, before the endorsers should be required to reimburse any bank or banks which might be liable to repay such moneys. Mr. Justice Parker, speaking for our Court of Errors and Appeals, says: "It is true that Swift & Company owed it to their bank, after return of their paid checks, to exercise reasonable diligence and care to examine the vouchers and the account as stated by the bank, and inform it of any errors thus discoverable. *Harter* v. *Mechanics National Bank,* 63 *N. J. L.* 578, 580. But we

have never heard that this duty extended to others than the bank. Persons into whose hands a check may come before payment take the risk of forged signatures and forged endorsements, preceding their own. These complainants did not even receive the checks in the ordinary course of business. On the contrary, they went gratuitously out of their way to enable a stranger to get money, by themselves guaranteeing to their own bank, by their endorsement, that the check was good and that the prior endorsements were genuine. There was no privity between them and Swift & Company; all that the latter were interested in was that their bank should not pay out money on their account improperly; and if it did so, the question whether it should respond to Swift & Company is one in which complainants would seem to have no legal or equitable interest. We have seen that a bank which has paid on a forged endorsement may in some case defend against its depositor on the theory of negligence; but we have never heard of this rule being invoked in favor of anyone but the depository bank. Its contract with the depositor is to pay its debt to him when and as demanded by checks upon it. As to parties claiming to be payees of those checks, the bank is under no obligation whatever in the absence of certification. *National Bank* v. *Berrall*, 70 *Id.* 757. When the bank has paid on a forged endorsement, it must ordinarily make good to its depositor, and then stands as to all endorsements below that of the forger as a holder in due course. In the present case the writers of the endorsement immediately below the forged one are seeking to intrude into the relation between the bank and its depositor by requiring the bank, for their benefit, to defend against the depositor's claim. This defense, in our opinion, is for the bank alone, and parties claiming under the payee have no right to require the bank to set it up."

It seems clear that defendant cannot set up any matter in defense except those which relate to its guarantee. Its liability must be tested by its contract with plaintiff. To this issue, the insurance company is neither a necessary or a proper party. The motion is denied.