SECOND NATIONAL BANK AND TRUST COMPANY OF RED BANK, NEW JERSEY, PLAINTIFF, v. FRANK PITTEN-GER, DEFENDANT.

Decided April 22, 1933.

For the motion, *Edward W. Wise* (*Lester C. Leonard,* of counsel).

Opposed, *Applegate, Stevens, Foster & Reussille.*

LAWRENCE, S. C. C. This is a motion to strike the complaint in this suit on the ground that the maker of the promissory note on which recovery is sought has not been made a party defendant. It is laid against the endorser alone, and the theory seems to be that, since the maker is primarily liable and the endorser secondarily so, as between themselves, the complaint does not set forth a proper cause of action.

The plaintiff bank, it is urged, should have either first sued the maker and exhausted its remedy in that direction, or the suit should have been instituted against the maker and endorser, in order that the rights of the latter as to the former could and may be preserved. That the motion is not supported by any tenable ground is apparent. No action is to be defeated by non-joinder or misjoinder. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require. Practice act of 1912 (*Pamph. L., p.* 379, § 9).

Plaintiff is the payee named in the note in suit and had a

right, if it saw fit, to sue defendant endorser alone, or to join maker and endorser. It was not obliged to do the latter. Prior to 1855, it was irregular to join the maker and endorser of a promissory note in an action (*Craft* v. *Smith,* 35 *N. J. L.* 302), because the contract, generally speaking, was not joint, nor joint and several, but several; hence, while both were liable to suit on the note, separate actions were necessary, since the endorser's contract was distinct from that of the maker. *Cf.* Negotiable Instrument act (*Pamph. L.* 1902, *p.* 594, §§ 63, 64). By section 14 of the act of 1855 (*Pamph. L. p.* 288; *Gen. Stat., p.* 2537, § 29), it was provided that the holder of any bill of exchange or promissory note, instead of bringing separate actions against the persons separately liable thereon, might include all of them in the one action, and proceed to judgment and execution, in the same manner as though all the defendants were joint contractors, subject to certain indicated qualifications. See *Mackintosh* v. *Gibbs,* 79 *N. J. L.* 40; 74 *Atl. Rep.* 708; *affirmed,* 81 *N. J. L.* 577; 80 *Atl. Rep.* 554. This provision was carried into the Practice act of 1903 (*Pamph. L., p.* 542), as section 29, which was repealed by that of 1912 (at *p.* 384), since section 6 of the new act (at *p.* 378) evidently covered it. It is apparent, however, that the provision was and is optional so far as the payee of a note is concerned, with the result that he may still sue an endorser alone without joining the maker in the action. Whether, under the present practice, the endorser when so sued may, in his own interest, and on his own motion, have the maker brought in as a party defendant, is not here involved, although it may be suggested by section 12 of the Practice act of 1912. It will suffice to say that the motion here made to strike the complaint in the present suit should be denied.